

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2008

# Soesamto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2217

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Soesamto v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1477.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1477

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2217

KEVIN SOESAMTO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Miriam K. Mills
(No. A96-258-152)

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2008

Before: MCKEE and AMBRO, Circuit Judges,
and IRENAS,* District Judge

(Opinion filed: March 4, 2008)

OPINION

---

*Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

AMBRO, Circuit Judge

Kevin Soesamto petitions for review of a final order of the Board of Immigration Appeals that affirmed his removal to Indonesia. We deny the petition.

Soesamto, an ethnically Chinese Christian, recounts two experiences in Indonesia in support of his application. First, he alleges that while he was in church, a group of Muslim people gathered outside, shouting, "Come out! We will burn this church!" When no one came out, the Muslims partially destroyed the church's garden and then scattered. Second, Soesamto alleges that after he was involved in a motorcycle accident, a group of native Indonesians beat him while shouting ethnic slurs. Soesamto claims that, as a result of these experiences, he suffers from Post-Traumatic Stress Syndrome.

We lack jurisdiction to review the Board of Immigration Appeals' conclusion that Soesamto's asylum application was filed out of time. *See* 8 U.S.C. § 1158(a)(3); *Sukwanpatra v. Gonzales*, 434 F.3d 627, 634–35 (3d Cir. 2006). Further, we cannot disturb the Board of Immigration Appeals' and the Immigration Judge's conclusions that Soesamto is not entitled to withholding of removal or relief under the Convention Against Torture. We review these claims under a deferential substantial evidence standard under which agency findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir. 2001). The evidence here does not compel a conclusion that Soesamto has suffered past persecution or torture, *see Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005), nor a

2

conclusion that it is more likely than not that he will be persecuted or tortured if returned to Indonesia, *see id.* at 537–38.

Accordingly, we deny the petition for review.